**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**ORDER & REPORT AND RECOMMENDATION**

This Document Relates to Case Number:
25-cv-1933 (Lorenzen)
25-cv-1805 (McCracken)
25-cv-1902 (Dahl)

---

## INTRODUCTION

Plaintiffs Marlin Lorenzen, William McCracken, and David Dahl allege they developed periprosthetic joint infections following surgeries in which a Bair Hugger Forced Air Warming Device (Bair Hugger) was used. *See* Mandler Decl., Ex. B ¶¶ 7-8, Dkt. No. 3271-2 (Lorenzen Compl.); Ex. C ¶¶ 7-8, Dkt. No. 3271-3 (McCracken Compl.); Ex. D ¶¶ 7-8, Dkt. No. 3271-4 (Dahl Compl.). Plaintiffs assert multiple causes of action against Defendants 3M Company and Arizant Healthcare, Inc., (collectively 3M) sounding in negligence, strict liability, warranty, fraud, and consumer protection. *See* Lorenzen Compl. 3-4; McCracken Compl. 3-4; Dahl Compl. 3-4.

3M moves for judgment on the pleadings, arguing that Plaintiffs' claims are barred by South Dakota's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 11-24, Dkt. No. 3269. Plaintiffs oppose the motion, contending it is premature and leave to amend should be granted. *See* Pls.' Mem. in Opp'n 4-13, Dkt. No. 3319.

For the reasons set forth below, the Court finds that 3M's Rule 12(c) motion is not premature, that the claims asserted in the operative complaints are barred or otherwise

fail as a matter of law, and that Plaintiffs' proposed amendments would be futile. Accordingly, the Court denies Plaintiffs' motions for leave to amend and recommends that 3M's Motion for Judgment on the Pleadings be granted.

## FINDINGS OF FACT

### I. Plaintiff-Specific Background[1]

#### A. Marlin Lorenzen

Plaintiff Marlin Lorenzen directly filed his Individual Short Form Complaint on April 30, 2025. Lorenzen Compl. 5. He alleges a Bair Hugger device was used during an unspecified surgery on July 16, 2018 and he developed a periprosthetic joint infection (PJI) as a result. *Id.* ¶¶ 7-8. He alleges that from September 14, 2018 to January 8, 2019, he received treatment for the infection, including additional surgeries. *Id.* ¶ 9.

#### B. William McCracken

Plaintiff William McCracken directly filed his Individual Short Form Complaint on April 29, 2025. McCracken Compl. 5. He alleges that on July 5, 2018, a Bair Hugger device was used during an unspecified surgery causing him to develop a PJI. *Id.* ¶¶ 7-8. He alleges that, as a result of that infection, he underwent extensive treatment beginning on July 19, 2018. *Id.* ¶ 9.

#### C. David Dahl

Plaintiff David Dahl directly filed his Individual Short Form Complaint on April 30, 2025. Dahl Compl. 5. He alleges a Bair Hugger device was used during an unspecified surgery on May 13, 2019 and he subsequently developed a PJI. *Id.* ¶¶ 7-8. He alleges

---

[1] The Court incorporates by reference a discussion of MDL background and pretrial orders from prior decisions on similar motions for judgment on the pleadings. Dkt. No. 3447 at 2.

that from May 25, 2019 to August 8, 2019, he underwent multiple procedures to treat the infection. *Id.* ¶ 9.

## II. Plaintiffs' Claims and Pending Motions

In their Individual Short Form Complaints, Plaintiffs assert seventeen causes of action: negligence (Count I); strict liability—failure to warn, defective design, and defective manufacture (Count II); breach of express warranty (Count III); breach of implied warranty of merchantability under South Dakota law (Count IV); violation of the Minnesota Prevention of Consumer Fraud Act (Count V); violation of the Minnesota Deceptive Trade Practices Act (Count VI); violation of the Minnesota Unlawful Trade Practices Act (Count VII); violation of the Minnesota False Advertising Act (Count VIII); consumer fraud and/or unfair and deceptive trade practices under South Dakota law (Count IX); negligent misrepresentation (Count X); fraudulent misrepresentation (Count XI); fraudulent concealment (Count XII); unjust enrichment (Count XIII); common law fraud (Count XIV); constructive fraud (Count XV); gross negligence (Count XVI); and negligent infliction of emotional distress (Count XVII). Lorenzen Compl. 3-4; McCracken Compl. 3-4; Dahl Compl. 3-4.

Plaintiffs have also moved for leave to amend their Individual Short Form Complaints. Dkt. No. 14 (Lorenzen 25-cv-1933); Dkt. No. 16 (McCracken 25-cv-1805); Dkt. No. 16 (Dahl 25-cv-1902). In their proposed amended complaints, Plaintiffs assert eleven causes of action: negligence (Count I); gross negligence (Count II); strict liability–failure to warn (Count III); strict liability–design defect (Count IV); breach of express warranty (Count V); breach of implied warranty of merchantability (Count VI); consumer fraud and/or unfair and deceptive trade practices under South Dakota law (Count VII);

negligent misrepresentation (Count VIII); unjust enrichment (Count IX); fraudulent misrepresentation (Count X); and fraudulent concealment (Count XI). Walston Decl., Ex. 1 ¶¶ 169-291, Dkt. No. 16-1 (Lorenzen 25-cv-1933) (hereinafter Lorenzen Prop. Am. Compl.); Walston Decl., Ex. 1 ¶¶ 169-291, Dkt. No. 18-1 (McCracken 25-cv-1805) (hereinafter McCracken Prop. Am. Compl.); Walston Decl., Ex. 1 ¶¶ 169-291, Dkt. No. 18-1 (Dahl 25-cv-1902) (hereinafter Dahl Prop. Am. Compl.).

On December 15, 2025, 3M moved for judgment on the pleadings. Dkt. No. 3268. 3M argues Plaintiffs' claims are barred by South Dakota's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 11-24. Plaintiffs oppose the motion, arguing it is premature and they should be granted leave to amend their complaints pursuant to PTO 8. *See* Pls.' Mem. in Opp'n 4-13.

## CONCLUSIONS OF LAW

### I. Legal Standards

#### A. Motion for Leave to Amend

Federal Rules of Civil Procedure Rule 15 provides that "[t]he court should freely give leave" to amend or supplement a pleading before trial, "when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is no absolute right to amend, courts are only justified in denying a request to amend for "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

3M argues Plaintiffs' motions for leave to amend must be denied because the amendments are futile. *See* Defs.' Reply 5-17, Dkt. No. 19 (Lorenzen 25-cv-1933); Dkt. No. 21 (McCracken 25-cv-1805); Dkt. No. 21 (Dahl 25-cv-1902). To determine futility, the

Court applies the same test that is applied for a motion to dismiss a complaint under Rule 12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of motion for leave to amend on the basis of futility means the court reached the legal conclusion the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss). Rule 12(b)(6) requires a complaint to plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, a proposed amended complaint that fails to state a plausible cause of action under the *Twombly* and *Iqbal* pleading standard will be denied as futile. *Id.* at 850-51.

**B. Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is also governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials necessarily encompassed by the pleadings and the exhibits attached to the complaint. *See Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed" but "early enough not to delay trial." When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party, but does not accept conclusory allegations of law. *Gallagher v. City of Clayton*, 699

F.3d 1013, 1016 (8th Cir. 2012); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). "Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co*., 715 F.3d 695, 697 (8th Cir. 2013).

## II. Choice-of-Law

In an MDL, "the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint Implants Prods. Liab. Litig*., 97 F.3d 1050, 1055 (8th Cir. 1996); *see also In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig*., 999 F.3d 534, 539 (8th Cir. 2021) (applying Texas's claim preclusion law rather than Minnesota's). Under PTO 5, though plaintiffs may directly file in this District, such direct filing is for purposes of pretrial proceedings only; it does not make the District of Minnesota the transferor court. Dkt. No. 5 ¶ 3. Rather, PTO 5 provides that the Court will apply Minnesota choice-of-law rules unless the plaintiff identifies in their initial complaint: (1) their current residence; (2) the date and location of the surgery at issue; and (3) the appropriate venue where the action would have been filed absent direct filing in this District. *Id.* ¶ 2. If that information is provided, the choice-of-law rules of the identified venue apply. *Id.*

Plaintiffs provided the information required by PTO 5. Lorenzen's initial complaint identifies his residence as South Dakota, alleges that the surgery at issue occurred on July 16, 2018, at Brookings Health System in Brookings, South Dakota, and identifies the District of South Dakota as the proper venue absent direct filing. Lorenzen Compl. ¶¶ 2, 5, 7. McCracken's initial complaint likewise identifies his residence as South Dakota, alleges that the surgery at issue occurred on July 5, 2018, at Black Hills Surgical Hospital

in Rapid City, South Dakota, and identifies the District of South Dakota as the proper venue absent direct filing. McCracken Compl. ¶¶ 2, 5, 7. Lastly, Dahl identified his residence as South Dakota, alleges that the surgery at issue occurred on May 13, 2019, at Orthopedic Institute in Sioux Falls, South Dakota, and identifies the District of South Dakota as the proper venue absent direct filing. Dahl Compl. ¶¶ 2, 5, 7. Accordingly, under PTO 5, South Dakota choice-of-law rules govern.

South Dakota applies the "most significant relationship" approach enumerated by the Restatement (Second) of Conflict of Laws § 145 to determine the applicable law in tort actions. *See Chambers v. Dakotah Charter, Inc.,* 488 N.W.2d 63, 67 (S.D. 1992). Relevant considerations include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Culhane v. Thovson*, 34 N.W.3d 740, 751 (S.D. 2026) (quoting *Chambers,* 488 N.W.2d at 68). Here, the alleged injuries occurred in South Dakota, Plaintiffs are domiciled in South Dakota, and the surgery giving rise to the alleged injuries took place in South Dakota. *See* Lorenzen Compl. ¶¶ 2, 7-8; McCracken Compl. ¶¶ 2, 7-8; Dahl Compl. ¶¶ 2, 7-8. Although 3M is not a South Dakota entity, South Dakota has the most significant relation to Plaintiffs' claims. Accordingly, South Dakota law governs Plaintiffs' claims.

To the extent Minnesota procedural law may apply, the result would be the same. Under Minnesota's borrowing statute, "Minnesota applies the limitations period of the state whose substantive law governs a claim." *Blake Marine Grp. v. CarVal Invs. LLC*, 829 F.3d 592, 595 (8th Cir. 2016) (citing Minn. Stat. § 541.31). Because South Dakota's

substantive law governs, the Court applies South Dakota law, including South Dakota's statutes of limitations, to Plaintiffs' claims.

## III. Motion for Leave to Amend

Because Plaintiffs' proposed amendments bear directly on the viability of their claims and, in turn, on 3M's Motion for Judgment on the Pleadings, the Court addresses Plaintiffs' motions for leave to amend first. As explained below, because all asserted claims are barred by the applicable statute of limitations, the Court finds that amendment would be futile. Accordingly, Plaintiffs' motions for leave to amend are denied.

### A. Counts I-XI

In South Dakota, the statute of limitations for "[a]n action against a manufacturer, lessor, or seller of a product . . . for or on account of personal injury" is three years. S.D. Codified Laws § 15-2-12.2. The statute expressly applies to all products liability actions, "regardless of the substantive legal theory upon which the action is brought." *Id.* The limitations period begins to run on the "date when the personal injury . . . occurred, became known or should have become known to the injured party." *Id.* This requires only that "the injured party knows or should know that the damage has occurred, not full knowledge of exactly how and why an event occurred." *Cashman v. CHS, Inc.*, No. CIV 13-CV-3002, 2013 WL 2458621, at *3 (D.S.D. June 6, 2013); *see also Moore v. Michelin Tire Co.*, 603 N.W.2d 513, 519 (S.D. 1999) ("A cause of action against a manufacturer accrues when the personal injury becomes known or should become known to the injured party.").

3M argues that all of Plaintiffs' claims are subject to this three-year limitations period because "[t]he only factual allegations of harm pleaded by Plaintiffs relate to

personal injuries stemming from the use of an allegedly defective product." Defs.' Mem. 13. Plaintiffs challenge that contention only with respect to their fraud-based claims, arguing those claims are instead governed by South Dakota's six-year statute of limitations for fraud.[2] *See* Pls.' Mem. in Opp'n 9-12. Plaintiffs do not argue that any of their remaining claims are governed by a different statute of limitations. Accordingly, any such argument is waived. *Doll v. Trellis Walnut Towers LLC*, No. 24-cv-136, 2024 WL 4355084, at *3 (D. Minn. Sept. 30, 2024) (collecting cases).

When determining the applicable statute of limitations, South Dakota courts look to the "nature of the claim" rather than the legal theory under which it is pled. *Peterson, ex rel. Peterson v. Burns*, 635 N.W.2d 556, 565 (S.D. 2001); *see Bruske v. Hille*, 567 N.W.2d 872, 876 (S.D. 1997) (rejecting plaintiff's attempt to recast a medical malpractice claim into a fraud claim in order to "shift to a more beneficial statute of limitations."). Thus, where the substance of a claim is products liability, the three-year limitation period applies even if the plaintiff styles the claim as negligence, strict liability, breach of warranty, or fraud. *See BNSF Ry. Co. v. L.B. Foster Co.*, 917 F. Supp. 2d 959, 976 (D. Neb. 2013) (applying § 15-2-12.2 to claims for "negligence, negligent misrepresentation, strict liability, breach of express warranties, fraudulent misrepresentation, and fraudulent concealment.").

Here, the nature of Plaintiffs' claims is products liability. Plaintiffs seek recovery for personal injuries allegedly caused by a defective product—the Bair Hugger device.

---

[2] It is not entirely clear whether Plaintiffs intend to argue that their fraud-based claims are governed by South Dakota's six-year statute of limitations for fraud. Plaintiffs state only that Defendants' contention that those claims are time-barred under the six-year statute is incorrect. See Pls.' Mem. in Opp'n 12. The Court construes that statement as asserting that the six-year limitations period applies.

Plaintiffs disagree, contending that their fraud-based claims are governed by § 15-2-13(6), which provides a six-year limitations period for actions brought "on the ground of fraud[.]" S.D. Codified Laws § 15-2-13(6). But Plaintiffs cite no authority supporting the application of § 15-2-13(6) to fraud claims arising from alleged personal injuries caused by a defective product, nor do they meaningfully address why the three-year products liability statute does not govern those claims. Accordingly, because the nature of Plaintiffs' fraud-based claims is products liability, they are governed by § 15-2-12.2.

Applying § 15-2-12.2, Plaintiffs' claims accrued when their alleged personal injuries became known or should have become known. *See Moore*, 603 N.W.2d at 519. At the latest, each Plaintiff knew of the alleged injury—a PJI—when treatment for the infection began.[3] Lorenzen alleges that he first received treatment in September 2018, McCracken in March 2019, and Dahl in May 2019. *See* Lorenzen Prop. Am. Compl. ¶ 32; McCracken Prop. Am. Compl. ¶ 32; Dahl Prop. Am. Compl. ¶ 32. Thus, the three-year limitations periods expired in September 2021 for Lorenzen, March 2022 for McCracken, and May 2022 for Dahl. Because Plaintiffs did not file suit until 2025, Counts I-XI are barred by South Dakota's statute of limitations.[4]

### B. Tolling

Plaintiffs argue that the statute of limitations must be tolled because 3M fraudulently concealed the risks of the Bair Hugger device. *See* Pls.' Mem. in Opp'n 9-12.

---

[3] Plaintiffs concede that South Dakota "is a 'pure date of injury' state with respect to the statute of limitations[.]" Pls.' Mem. in Opp'n 9.

[4] Plaintiffs also argue that the parties' tolling agreement, which suspended the limitations period from November 3, 2023, through April 15, 2025, renders their claims timely. *See* Pls.' Mem. 12. Because the Court finds that Plaintiffs' claims expired before the tolling agreement took effect, this argument fails.

The fraudulent concealment doctrine applies "when actionable conduct or injury has been concealed by deceptive act or artifice." *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 515 (S.D. 1998). Fraudulent concealment tolls the statute of limitations "until the cause of action is discovered or might have been discovered by the exercise of diligence." *One Star v. Sisters of St. Francis, Denver, Colo.*, 752 N.W.2d 668, 682. (S.D. 2008) (citation omitted). The doctrine does not "toll the statute of limitations, no matter the nature of the concealment if a plaintiff is already on notice of facts sufficient to give rise to a claim." *Zephier v. Cath. Diocese of Sioux Falls*, 752 N.W.2d 658, 666 (S.D. 1998).

Plaintiffs do not plead the facts necessary to toll their claims.[5] Specifically, Plaintiffs fail to plausibly allege that 3M's conduct actually prevented them from bringing their claims. *See Strassburg*, 581 N.W.2d at 515 (explaining that fraudulent concealment requires some "act or conduct on the part of the defendant designed to prevent, and **which does prevent**, the discovery of the cause of action.") (quoting *Koenig v. Lambert*, 527 N.W.2d 903, 905-06 (S.D.1995)) (emphasis added). Plaintiffs do not identify what specific representation they encountered, when they encountered it, how it deterred them from investigating, or how it prevented them from filing within the applicable period. They do not allege that they sought information but were affirmatively misled in a manner that prevented suit. And they do not allege that any particular act by 3M caused them to forgo investigation or postpone filing. *See Eagleman v. Diocese of Rapid City*, 862 N.W.2d 839, 852 (S.D. 2015) (concluding fraudulent concealment did not apply because "plaintiffs

---

[5] Lorenzen's, McCracken's, and Dahl's tolling allegations are identical. *Compare* Lorenzen Prop. Am. Compl. ¶¶ 119-65, *with* McCracken Prop. Am. Compl. ¶¶ 119-65, *and* Dahl Prop. Am. Compl. ¶¶ 119-65.

offer[ed] no evidence that the Societies' actions, inactions, or silence fraudulently led them to forego or delay their claims or led them to believe they had no claims.”).

Rather, Plaintiffs claim 3M’s misinformation campaign—described at a high level of generality—prevented Plaintiffs and their medical providers “from discovering facts that would have led them to the discovery of the Bair Hugger as a potential contributing factor of Plaintiff’s infection.” Lorenzen Prop. Am. Compl. ¶ 162. This attenuated and conclusory allegation is not plausible. Plaintiffs’ proposed amended complaints cite twenty-five published studies, spanning from 1997 to 2022, that allegedly disclose an increased risk of infection associated with the Bair Hugger device. *Id.* ¶ 107. Then there is the MDL itself. By the time Plaintiffs’ surgeries took place, thousands of cases had already been filed in this well-publicized MDL. Given the easily accessible and highly publicized information allegedly linking Bair Hugger to PJIs, a reasonably diligent plaintiff could—and would—have discovered a potential claim. *See City of Bos. v. Express Scripts, Inc.*, 765 F. Supp. 3d 31, 42-43 (D. Mass. 2025), *aff'd sub nom. City of Bos. v. OptumRx, Inc.*, 169 F.4th 58 (1st Cir. 2026).

Plaintiffs counter that fraudulent concealment is a jury question, “which necessarily preclude[s] the Court from granting Defendants’ Motion for Judgment on the Pleadings.” Pls.’ Mem. in Opp’n 11. Not so. Several courts have addressed South Dakota’s fraudulent concealment doctrine on a motion to dismiss. *In re Processed Egg Prods. Antitrust Litig.*, 931 F. Supp. 2d 654, 663 (E.D. Pa. 2013) (dismissing claims as untimely where plaintiffs failed to plead fraudulent concealment with particularity); *DeLonga v. Diocese of Sioux Falls*, 329 F. Supp. 2d 1092, 1105 (D.S.D. 2004) (considering fraudulent concealment on a motion to dismiss); *Rindahl v. Reisch*, No. 4:22-CV-04073, 2024 WL 1257348, at *5

(D.S.D. Mar. 25, 2024) (concluding plaintiff failed to plausibly allege fraudulent concealment because he had "knowledge of the basic operative facts"). Accordingly, the Court finds that Plaintiffs have failed to adequately allege facts sufficient to invoke fraudulent concealment and toll the statute of limitations.

**C. Conclusion as to Amendment**

As explained above, all of Plaintiffs' proposed amendments are barred by South Dakota's statutes of limitations, and the Court finds there is no plausible basis for tolling. Because each of the proposed claims is time-barred, amendment would be futile as those claims could not withstand a Rule 12(b)(6) motion to dismiss. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). Accordingly, the Court denies Plaintiffs' motions for leave to amend.

**IV. Motion for Judgment on the Pleadings**

Having found that Plaintiffs' proposed amended complaints would be futile, the Court turns to 3M's Motion for Judgment on the Pleadings. 3M argues that Plaintiffs' claims are either barred by South Dakota's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 11-24. Plaintiffs counter that the motion is premature and should not be considered at this stage. *See* Pls.' Mem. in Opp'n 4-13. As explained below, the Court finds the motion is not premature, that Counts I-IV and IX-XVII are barred by South Dakota's statutes of limitations, and that Counts V-VIII fail as a matter of law. Accordingly, the Court recommends that 3M's Motion for Judgment on the Pleadings be granted in its entirety.

### A. Timing of the Rule 12(c) Motion

Plaintiffs argue that 3M's Motion for Judgment on the Pleadings is premature. *See* Pls.' Mem. in Opp'n 4-8. The Court has found that 3M's motions for judgment on the pleadings are not premature. R. & R. 5-10, Dkt. No. 3445. Rather than restating its analysis here, the Court incorporates its prior analysis by reference. *See id.*

### B. Counts I-IV and IX-XVII

In Counts I-IV and IX-XVII, Plaintiffs assert claims for negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, consumer fraud and deceptive trade practices under South Dakota law, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, unjust enrichment, common law fraud, constructive fraud, gross negligence, and negligent infliction of emotional distress. Lorenzen Compl. 3-4; McCracken Compl. 3-4; Dahl Compl. 3-4. These claims fail for the same reasons set forth above. *See supra* Part III.A-B.

Because Counts I-IV and IX-XVII are barred by South Dakota's statutes of limitations and are not subject to tolling, the Court recommends that 3M's motion be granted as to those counts.

### C. Counts V-VIII

Counts V-VIII assert claims under the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, the Minnesota Unlawful Trade Practices Act, and the Minnesota False Advertising Act. Lorenzen Compl. 4; McCracken Compl. 4; Dahl Compl. 4. "[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1156 (D. Minn. 2023) (quoting *Ferrari v. Best Buy*

*Co.*, 14-cv-2956, 2015 WL 2242128 at *9 (D. Minn. May 12, 2015)). Furthermore, "there is a presumption against the extra-territorial application of a state's statutes." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961-62 (D. Minn. 2020) (quoting *Arnold v. Cargill, Inc.*, No. CIV. 012086, 2002 WL 1576141, at *2 (D. Minn. July 15, 2002)).

Here, Plaintiffs cannot assert claims under Minnesota's consumer protection statutes. Plaintiffs are South Dakota residents and their alleged injuries occurred in South Dakota. Courts have repeatedly held that nonresidents may not assert claims under Minnesota's consumer protection statutes where the alleged injury or conduct occurred outside of Minnesota. *See, e.g., Butler v. 3M Co.*, No. 2:24-CV-01587, 2024 WL 5054884, at *5 (S.D. Ohio Dec. 9, 2024) (holding a nonresident lacked standing to assert claims under Minnesota's consumer protection statutes because the alleged injury occurred out-of-state); *Rouse*, 694 F. Supp. 3d at 1157 (same); *Ferrari*, 2015 WL 2242128 at *10 (same); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1233-34 (D. Kan. 2015). Accordingly, the Court recommends the motion be granted as to Counts V-VIII.

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff Marlin Lorenzen's Motion for Leave to Amend Complaint (Dkt. No. 14, 25-cv-1933) is **DENIED**.

2. Plaintiff William McCracken's Motion for Leave to Amend Complaint (Dkt. No. 16, 25-cv-1805) is **DENIED**.

3. Plaintiff David Dahl's Motion for Leave to Amend Complaint (Dkt. No. 16, 25-cv-1902) is **DENIED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: Defendants' Motion for Judgment on the Pleadings (Dkt. No. 3268) be GRANTED in its entirety and WITH PREJUDICE.

Dated: August 3, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).